**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50388 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00968-SJO-2 |
| v. | |
| MARCUS LEWIS EDWARDS, AKA Bird, AKA Pops, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted August 5, 2014
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Marcus Lewis Edwards appeals his conviction and sentence under 21 U.S.C.

§ 841(a) for selling 54.5 grams of crack cocaine. We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm in part and dismiss in part.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Assuming that Edwards properly raised his Commerce Clause challenge before the district court, we now reject it. The Commerce Clause empowers Congress to regulate, among other things, "the intrastate, noncommercial cultivation, possession and use of marijuana." *Gonzales v. Raich*, 545 U.S. 1, 32 (2005) (internal quotation marks omitted). Indeed, based on Congress's "specific findings concerning the effect that drug trade has on interstate commerce" and "the ample judicial recognition that an interstate market for illegal drugs exists," we have held that § 841(a) is a permissible exercise of Congress's Commerce Clause authority. *See United States v. Kim*, 94 F.3d 1247, 1250 (9th Cir. 1996).

Furthermore, the Supreme Court's decision in *National Federation of Independent Business v. Sebelius (NFIB)*, 132 S. Ct. 2566 (2012), is inapplicable here because § 841(a) does not compel commerce. *See United States v. Sullivan*, 753 F.3d 845, 854 (9th Cir. 2014) (holding that the intrastate production and possession of child pornography did not "compel commerce, but merely regulate[d] an activity that Congress could rationally determine would affect interstate commerce, taken in the aggregate"). Thus, the district court had jurisdiction over Edwards' conduct under § 841(a) of the Controlled Substances Act, which Congress was permitted to enact under its Commerce Clause power.

Because the government did not breach the plea agreement, the appellate waiver it includes is enforceable. *See United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009). In accordance with the conditions of the appellate waiver, Edwards' sentence was within the statutory maximum specified in the plea agreement, the district court did not depart upward in offense level or determine that the total offense level was above 27, and the district court's 96-month sentence was within the appropriate Guidelines range. Furthermore, because the district court concluded that Edwards' offense level was 23, the government was under no obligation to recommend a low-end sentence. Thus, the government did not breach the plea agreement, the appellate waiver is enforceable, and we dismiss the non-constitutional claims raised in this appeal. *See Watson*, 582 F.3d at 988.[1]

**AFFIRMED in part and DISMISSED in part.**

---

[1]During oral argument, we requested supplemental letter briefing as to the question whether remand for resentencing in light of Amendment 782 is appropriate at this time. Having reviewed the briefs, we agree with the government that it is preferable for Edwards to file a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) after the Amendment goes into effect.